UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


JOEL CARTER,

        Petitioner,              Case Number: 06-CV-11927

v.                                  HON. GEORGE CARAM STEEH

WILLIE SMITH,

        Respondent.
_____/

**OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner Joel Carter is currently incarcerated at the Standish Correctional Facility in Standish, Michigan. He has filed a *pro se* petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging his convictions for delivery of 50-to-225 grams of cocaine, conspiracy to deliver 50-to-225 grams of cocaine, and possession of marijuana. For the reasons set forth below, the Court denies the petition.

**I.    Facts**

Petitioner's convictions arise from a drug transaction which occurred in Dundee, Michigan, on February 1, 2002. Police Officer Paul Royal testified that he was working undercover at the relevant time and received a call from Petitioner to arrange for delivery of cocaine. Petitioner and Officer Royal agreed to meet at the parking lot of a Cabela's store in Dundee, Michigan. Officer Royal agreed to pay $4,200.00 for 4-1/2 ounces of cocaine. Officer Royal testified that Petitioner entered his vehicle at the appointed time and placed 4-1/2 ounces of cocaine on the dashboard. Officer Royal gave Petitioner $1,900.00, significantly less than the agreed-upon price. Petitioner then reached into his pants pocket, prompting Officer Royal to call

for back-up officers, who arrested Petitioner and the individual who had driven him to the parking lot, Demetrick Garner.

Petitioner testified in his own defense. He admitted that he arranged for the sale of marijuana to Officer Royal, but denied that Mr. Garner had any involvement. He testified that Mr. Garner simply provided him with a ride to the parking lot and that he had obtained the cocaine from an individual other than Mr. Garner.

## II.     Procedural History

Following a jury trial in Monroe County Circuit court, Petitioner was convicted of delivery of 50-to-225 grams of cocaine, conspiracy to deliver 50-to-225 grams of cocaine, and possession of marijuana. On October 31, 2002, he was sentenced to 10 to 20 years imprisonment for each of the cocaine related convictions, to be served consecutively, and 275-days imprisonment for the marijuana conviction, to be served concurrently.

Petitioner filed an appeal of right in the Michigan Court of Appeals, presenting the following claims:

> I.      Where defendant's constitutional due process right to adequate time to prepare a defense was violated when the trial court permitted a belated, substantive amendment to the information and defendant was prejudiced; must he be granted a new trial?
>
> II.     Is the evidence insufficient to support defendant's conviction of conspiracy as there is no evidence that the named conspirator had any knowledge of the intended delivery and there is no evidence that the unnamed conspirator agreed and had the specific intent to deliver the statutorily required amount of cocaine?
>
> III.    Must defendant's convictions be reversed where he received ineffective assistance of counsel by the misadvice that he would not be found guilty if he had only the intent to deliver, causing him to withdraw his plea and receive a significantly higher sentence?
>
> IV.     Must defendant be resentenced because the amended controlled substance statute

>   applies to his sentence and because he was sentenced on the basis of inaccurate information, in violation of the due process clause?
>
> V. Is defendant entitled to an amended judgment of sentence, or, minimally, a restitution hearing, because restitution was erroneously ordered for alleged conduct which did not give rise to the conviction; in the alternative, was defendant denied the effective assistance of counsel by his trial attorney's failure to object to the restitution amount?

The Michigan Court of Appeals affirmed Petitioner's convictions and sentences. People v. Carter, No. 249089 (Mich. Ct. App. Sept. 21, 2004).

Petitioner filed an application for leave to appeal to the Michigan Supreme Court, raising the same claims raised before the Michigan Court of Appeals. The Michigan Supreme Court denied leave to appeal. People v. Carter, 472 Mich. 895 (Mich. 2005).

Petitioner then filed the pending petition for a writ of ahbeas corpus, presenting the following claims:

> I. Where defendant's constitutional due process right to adequate time to prepare a defense was violated when the trial court permitted a belated, substantive amendment to the information and defendant was prejudiced; must he be granted a new trial?
>
> II. Is the evidence insufficient to support defendant's conviction of conspiracy as there is no evidence that the named conspirator had any knowledge of the intended delivery and there is no evidence that the unnamed conspirator agreed and had the specific intent to deliver the statutorily required amount of cocaine?
>
> III. Is defendant entitled to an amended judgment of sentence, or, minimally, a restitution hearing, because restitution was erroneously ordered for alleged conduct which did not give rise to the conviction; in the alternative, was defendant denied the effective assistance of counsel by his trial attorney's failure to object to the restitution amount?

**III.     Petitioner's Motions to Dismiss and Requests for Default Judgment**

Petitioner has filed two Motions to Dismiss (dkt. # 6 & #11).  In both motions, Petitioner argues that the state trial court lacked subject matter jurisdiction because he is a non-citizen and, therefore, not subject to the laws of the states.  Even assuming that Petitioner is not a citizen, aliens "owe obedience" to the laws of the state and federal government.  *See* Leonhard v. Ely, 151 F.2d 409, 410 (10th Cir. 1945).  Thus, the Court denies Petitioner's Motions to Dismiss.

Petitioner also has filed two Requests for Entry of Default Judgment (dkt. # 12 & # 15), and an Appeal to District Judge from Notice of Denial of Request for Clerk's Entry of Judgment by Default (dkt. # 10).  A federal court may grant habeas corpus relief to "a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a) (emphasis supplied).  Based upon the express language of this habeas corpus provision, a federal court may not grant habeas corpus relief by entering a default judgment.  Allen v. Perini, 424 F.2d 134, 138 (6th Cir. 1970).  Accord Bleitner v. Welborn, 15 F.3d 652 (7th Cir. 1994); Gordon v. Duran, 895 F.2d 610, 612 (9th Cir. 1990); Aziz v. Leferve, 830 F.2d 184, 187 (11th Cir. 1987).  Thus, the Court denies Petitioner's Request for Entry of Default Judgment and his Appeal to District Judge from Notice of Denial of Request for Clerk's Entry of Judgment by Default.

**IV.     Analysis**

   **A.     Standard of Review**

28 U.S.C. § 2254(d) imposes the following standard of review on federal courts reviewing applications for a writ of habeas corpus:

> An application for a writ of habeas corpus on behalf of a person in custody
> pursuant to the judgment of a State court shall not be granted with respect to any

> claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1)   resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)   resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d). Therefore, federal courts are bound by a state court's adjudication of a petitioner's claims unless the state court's decision was contrary to or involved an unreasonable application of clearly established federal law. Franklin v. Francis, 144 F.3d 429 (6th Cir. 1998). Additionally, this court must presume the correctness of state court factual determinations. 28 U.S.C. § 2254(e)(1); see also Cremeans v. Chapleau, 62 F.3d 167, 169 (6th Cir. 1995) ("We give complete deference to state court findings unless they are clearly erroneous").

The United States Supreme Court has explained the proper application of the "contrary to" clause as follows:

> A state-court decision will certainly be contrary to [the Supreme Court's] clearly established precedent if the state court applies a rule that contradicts the governing law set forth in our cases. . . .
>
> A state-court decision will also be contrary to this Court's clearly established precedent if the state court confronts a set of facts that are materially indistinguishable from a decision of this Court and nevertheless arrives at a result different from [the Court's] precedent.

Williams v. Taylor, 529 U.S. 362, 405-06 (2000).

With respect to the "unreasonable application" clause of § 2254(d)(1), the United States Supreme Court held that a federal court should analyze a claim for habeas corpus relief under the "unreasonable application" clause when "a state-court decision unreasonably applies the law of this Court to the facts of a prisoner's case." Id. at 409. The Court defined "unreasonable

5

application" as follows:

> [A] federal habeas court making the "unreasonable application" inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable. . .
>
> [A]n unreasonable application of federal law is different from an incorrect application of federal law. . . . Under § 2254(d)(1)'s "unreasonable application" clause, then, a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable.

Id. at 410-11.

### B.     Amendment to the Information

In his first claim for habeas corpus relief, Petitioner argues that the trial court denied him sufficient time to prepare a defense when it allowed the prosecutor to amend the information after the defense concluded its presentation of witnesses. Petitioner was originally charged with delivery of over 50 grams of cocaine and conspiracy to deliver over 50 grams of cocaine. The co-conspirator was listed as Demetrick Earl Garner. Petitioner testified in his own defense. He testified that he arranged for a drug sale to the undercover officer, but that Mr. Garner was not involved in the transaction, he simply agreed to give Petitioner a ride. Petitioner testified that he obtained the cocaine from another individual. Based upon this testimony, the prosecutor moved to amend the information to add an unknown conspirator. The trial court permitted the amendment over Petitioner's objection.

The Michigan Court of Appeals held that the amendment did not violate Petitioner's due process rights, reasoning, in pertinent part:

> In determining whether an amendment to a criminal charge would cause unacceptable prejudice to a defendant, a court must consider whether the amendment would cause unfair surprise, inadequate notice, or insufficient

> opportunity to defend.  People v. Hunt, 442 Mich. 359, 364; 501 N.W.2d 151
> (1993).  Here, defendant asserts that "the amendment charged an entirely different
> offense."  Defendant contends that, being apprised of the charges against him, he
> presented a defense which showed that he did not conspire with Garner, the
> named coconspirator in the information, and that the amendment was prejudicial
> because it affected his ability to present an alternate defense.  We simply cannot
> say that defendant was prejudiced by this amendment in such a manner so as to
> violate his due process rights. First, the amendment did not substantively change
> the charge against defendant.  Count II of the information, both before and after
> the amendment, alleged conspiracy to deliver 50 to 224 grams of cocaine. The
> only difference is that the amended count added an unnamed person as a
> co-conspirator. . . .  The amendment did not change the elements of the offense or
> the penalty.  Second, the information fairly put defendant on notice as to the
> transaction the conspiracy charge was based on.  And no new evidence was
> needed to sustain the charge.  Defendant's prejudice was caused by his own
> testimony admitting to participating in a conspiracy to deliver cocaine,
> establishing the elements of the conspiracy offense.

People v Carter, No. 249089, slip op at 2 (Mich. Ct. App. Sept. 21, 2004) (footnote omitted).

The Sixth Amendment guarantees a criminal defendant a right to be clearly informed of the nature and cause of the charges against him in order that he may prepare a defense. *See* Cole v. Arkansas, 333 U.S. 196, 201 (1948).  "The due process clause of the Fourteenth Amendment mandates that whatever charging method the state employs must give the criminal defendant fair notice of the charges against him to permit adequate preparation of his defense." Olsen v. McFaul, 843 F.2d 918, 930 (6th Cir.1988) (quoting Koontz v. Glossa, 731 F.2d 365, 369 (6th Cir.1984)).  A complaint or indictment "which fairly but imperfectly informs the accused of the offense for which he is to be tried does not give rise to a constitutional issue cognizable in habeas proceedings."  Mira v. Marshall, 806 F.2d 636, 639 (6th Cir. 1986).  Amendments to a state criminal information are permissible as long as the amendment does not enhance the degree of the crime charged or unfairly surprise the defendant.  Wright v. Lockhart, 854 F.2d 309, 312 (8th Cir.1988).

In this case, the information, placed Petitioner on notice that he was being charged with the conspiracy offense. Petitioner has failed to show that the Michigan Court of Appeals' decision that he was not prejudiced by the amendment of the charge to include conspiracy with an unknown person was contrary to or an unreasonable application of Supreme Court precedent. Therefore, he is not entitled to habeas corpus relief with respect to this claim.

### C.     Sufficiency of the Evidence

Next, Petitioner argues that insufficient evidence was presented to sustain the conspiracy conviction. Petitioner argues that no evidence was presented to show that the co-conspirator (either Garner or the unnamed coconspirator) possessed the requisite specific intent to deliver the cocaine.

In Jackson v. Virginia, 443 U.S. 307 (1979), the Supreme Court established that the standard of review for a sufficiency of the evidence challenge must focus on whether "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Id. at 319 (emphasis in original). Pursuant to 28 U.S.C. § 2254(d)(1), this Court must determine whether the state court's application of the Jackson standard was contrary to or an unreasonable application of Supreme Court precedent. In making this determination, this Court must afford the state court's findings of fact a presumption of correctness unless it is established by clear and convincing evidence that the factual determination in the state court was erroneous. 28 U.S.C. § 2254(e)(1); West v. Seabold, 73 F.3d 81, 83 (6th Cir. 1996), *cert. denied*, 116 S. Ct. 2569 (1996).

The last state court to issue a reasoned opinion regarding this claim, the Michigan Court of Appeals, held, in pertinent part:

In reviewing the sufficiency of the evidence, this Court must view de novo the evidence in the light most favorable to the prosecutor and determine whether a rational trier of fact could find that the essential elements of the crime were proven beyond a reasonable doubt. . . . Circumstantial evidence and the reasonable inferences which arise from the evidence can constitute satisfactory proof of the elements of the crime. . . . It is for the trier of fact to determine what inferences can be fairly drawn from the evidence and to determine the weight to be accorded to the inferences. . . .

\* \* \*

Defendant was charged with delivery of 50 grams or more but less than 225 grams of cocaine and conspiracy to do the same. Conspiracy is a separate and distinct crime from that which is the object of the conspiracy. People v. Mass, 464 Mich. 615, 632; 628 N.W.2d 540 (2001). While delivery of cocaine is a general intent crime, conspiracy is a specific intent crime. Id. at 628-629. Conspiracy is defined as the specific intent to combine with others to accomplish an illegal objective. . . . In the context of conspiracy to deliver, the prosecution must prove beyond a reasonable doubt "which delivery offense a defendant conspired to violate." Mass, *supra* at 634. Thus, in addition to the elements of delivery of cocaine, the prosecution must prove that a defendant and another person had the specific intent to combine to deliver the statutory minimum as charged to a third person. . . .

\* \* \*

Direct proof of conspiracy is not required; rather, proof may be inferred from the circumstances, acts and conduct of the parties. . . .

The gist of the crime of conspiracy is the agreement to commit an unlawful act. . . Here, defendant admitted in court that he obtained a large quantity of drugs from an unnamed individual for the purpose of delivering it to the undercover police officer. The officer testified that he asked defendant to obtain four and one-half ounces, or one-eighth of a kilogram (125 grams), of cocaine for which the officer would pay defendant $4,200 or $4,500. And the evidence established that the amount of cocaine the officer received was 111 grams.

\* \* \*

[W]e do find that there was sufficient evidence presented from which the jury could reasonably infer that defendant conspired with an unnamed person to deliver 50 grams or more but less than 225 grams of cocaine. Defendant testified that he told this person how much cocaine he wanted, assumed the amount he was given represented that amount, and gave the undercover officer all the cocaine

> that he received from this unnamed person. The undercover officer testified that he agreed to buy 125 grams of cocaine from defendant, the amount he received weighed 111 grams which is "quite a bit of cocaine," and it was packaged as a brick, appearing to have been broken off a larger brick of cocaine. Even though defendant did not testify that he specifically told his supplier that he would be delivering the cocaine to a third party, the jury could reasonably infer, given the amount of cocaine, that the supplier knew defendant would be reselling it.
>
> Also, defendant testified that he balked when the officer gave him only $ 1,900 because he had to "bring this guy his money back," implying that he had bought the cocaine on credit. It was reasonable for the jury to infer that the supplier knew that defendant would be reselling the brick and paying for it with the money he made from the transaction. Furthermore, defendant stated that had he sold the cocaine for $4,000 he would still have made a little profit and the undercover officer testified that $4,000 was a more reasonable price, $4,200-$4,500 being a premium price. The officer could not estimate the retail value of the cocaine because it would depend on how it was subsequently cut and packaged, but the maximum retail value was probably $15,000. The jury could reasonably infer that the unnamed supplier knew the cocaine was not for personal use given these dollar amounts. While general conspiracy law prevents a defendant from being convicted of a conspiracy based solely on a coconspirator's confession that was obtained before or after the conspiracy, there is no basis for precluding a conviction based on the defendant's *own* statements.

Carter, No. 249089, slip op at 3-5 (footnotes omitted, emphasis in original).

The Michigan Court of Appeals, although not citing Jackson, cited case law which clearly incorporated the Jackson standard. Petitioner has not presented any evidence to show that the state court's findings of fact were erroneous. Therefore, according the state court's findings of fact a presumption of correctness, this Court concludes that the Michigan Court of Appeals' decision that sufficient evidence was presented to establish conspiracy did not "result[] in a decision that . . . involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). Accordingly, Petitioner is not entitled to federal habeas corpus relief with respect to this claim.

    **D.**    **Order for Restitution**

Finally, Petitioner argues that the trial court improperly ordered restitution in the amount of $1450. Petitioner maintains that the restitution amount involved an uncharged offense committed in another district in violation of Mich. Comp. Laws § 769.1a & § 780.766. Petitioner also argues that his trial attorney was ineffective in failing to object to the restitution order.

The Court may not grant the writ of habeas corpus on the basis of a perceived error of state law. Pulley v. Harris, 465 U.S. 37, 41 (1984); *see also* Estelle v. McGuire, 502 U.S. 62, 67 (1991) (holding that "'federal habeas corpus review does not lie for errors of state law.'") *quoting* Louis v. Jeffers, 497 U.S. 764, 780 (1990). Habeas relief may only be granted where a state court's decision is "contrary to or involved an unreasonable application of clearly established Federal law." 28 U.S.C. § 2254(d). Thus, a challenge to an order of restitution, because it does not challenge the validity or duration of confinement, is not cognizable on habeas review. *See* Lara v. Smith, 132 Fed. Appx. 420 (3d Cir. May 31, 2005).

Petitioner also claims that his trial attorney was ineffective in failing to object to the order of restitution. To establish that he received ineffective assistance of counsel, a petitioner must show, first, that counsel's performance was deficient and, second, that counsel's deficient performance prejudiced the petitioner. Strickland v. Washington, 466 U.S. 668, 687 (1984). A petitioner may show that counsel's performance was deficient by establishing that counsel's performance was "outside the wide range of professionally competent assistance." Id. at 689. This "requires a showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment." Id. at 687. To satisfy the prejudice prong, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional

11

errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome."  Id. at 694.  "[T]he focus should be on whether the result of the trial was 'fundamentally unfair or unreliable.'"  Tinsley v. Million, 399 F.3d 796, 802 (6th Cir. 2005), *quoting* Lockhart v. Fretwell, 506 U.S. 364, 369 (1993).

The Michigan Court of Appeals held that trial counsel was not ineffective in failing to object to the order of restitution.  The state court found that the restitution amount was based upon the loss of "buy money," and that such a loss is compensable under Michigan's Crime Victim's Rights Act.  Under Mich. Comp. Law § 780.766(2), a defendant must pay restitution "to any victim of the defendant's course of conduct that gives rise to the conviction. . ."  The Michigan Court of Appeals held that the phrase "course of conduct" encompasses conduct which was not the factual basis for the charge that resulted in conviction.  Carter, slip op. at 8.  The court concluded that the restitution amount was proper under Michigan law.  The state court further held that counsel was not ineffective in failing to object to the restitution order because defense counsel is not required to make a futile objection.  Id.

Petitioner has failed to show that the state court's decision was contrary to or an unreasonable application of federal law.  Therefore, the Court denies relief on this claim.

### V.    Conclusion

The decision of the Michigan Court of Appeals in affirming Petitioner's convictions was not contrary to or an unreasonable application of clearly established Federal law.  Accordingly, **IT IS ORDERED** that the petition for a writ of habeas corpus is **DENIED** and the matter is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that Petitioner's Motions to Dismiss (dkt. # 6 & #11),

Requests for Entry of Default Judgment (dkt. # 12 & # 15), and Appeal to District Judge from Notice of Denial of Request for Clerk's Entry of Judgment by Default (dkt. # 10) are **DENIED**.

Dated:  January 31, 2007

                                        S/George Caram Steeh
                                        GEORGE CARAM STEEH
                                        UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
January 31, 2007, by electronic and/or ordinary mail.

S/Josephine Chaffee
Deputy Clerk