**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

JOEL CARTER,

                        Petitioner,                        Case Number: 06-CV-11927

v.                                                    HON. GEORGE CARAM STEEH

WILLIE SMITH,

                        Respondent.

_____/

**OPINION AND ORDER DENYING PETITIONER'S MOTION FOR CERTIFICATE OF APPEALABILITY AND DENYING MOTION TO PROCEED *IN FORMA PAUPERIS***

Petitioner Joel Carter filed a *pro se* petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. On January 31, 2007, the Court issued an Opinion and Order Denying Petition for Writ of Habeas Corpus. Now before the Court are Petitioner's Motion for Certificate of Appealablity and Motion to Proceed *In Forma Pauperis*.

Before Petitioner can appeal the Court's decision, a Certificate of Appealablity (COA) under 28 U.S.C. § § 2254(c)(1)(A) and Fed. R. App. P. 22(b) must issue. When a habeas applicant seeks permission to initiate appellate review of the dismissal of a petition, a federal court should limit its examination to a threshold inquiry into the underlying merit of his claims. Miller-El v. Cockrell, 537 U.S. 322, 336-37 (2003). A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The substantial showing threshold is satisfied when a petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Petitioner presented three claims for habeas corpus relief. In his first claim, Petitioner argued that the trial court denied him sufficient time to prepare a defense when it allowed the prosecutor to amend the information after the defense concluded its presentation of witnesses. Amendments to a state criminal information are permissible as long as the amendment does not enhance the degree of the crime charged or unfairly surprise the defendant. Wright v. Lockhart, 854 F.2d 309, 312 (8th Cir. 1988). Petitioner failed to show that the Michigan Court of Appeals' decision that he was not prejudiced by the amendment of the charge to include conspiracy with an unknown person was contrary to or an unreasonable application of Supreme Court precedent. Therefore, the Court denied habeas relief on this claims.

In his second claim, Petitioner argued that insufficient evidence was presented to sustain the conspiracy conviction. According the state court's findings of fact a presumption of correctness, this Court held that the Michigan Court of Appeals' decision that sufficient evidence was presented to establish conspiracy was not contrary to or an unreasonable application of Jackson v. Virginia, 443 U.S. 307 (1979). Accordingly, the Court denied habeas relief on this claim.

Finally, Petitioner argued that the trial court improperly ordered restitution in the amount of $1450, and that his trial attorney was ineffective in failing to object to the restitution order. A challenge to an order of restitution, because it does not challenge the validity or duration of confinement, is not cognizable on habeas review. *See* Lara v. Smith, 132 Fed. Appx. 420 (3d Cir. May 31, 2005); Estelle v. McGuire, 502 U.S. 62, 67 (1991) (holding that "'federal habeas corpus review does not lie for errors of state law'") *quoting* Lewis v. Jeffers, 497 U.S. 764, 780 (1990). The Court also denied Petitioner's claim that his trial attorney was ineffective in failing

to object to the order of restitution. The Michigan Court of Appeals held that trial counsel was not ineffective in failing to object to the order of restitution, because it was based upon the loss of "buy money," and such a loss is compensable under Michigan's Crime Victim's Rights Act. Petitioner has failed to show that the state court's decision was contrary to or an unreasonable application of federal law. Therefore, the Court denied relief on this claim.

This Court holds that jurists of reason would not find the conclusion that the foregoing claims were meritless to be debatable or wrong. *See* Slack, 529 U.S. at 484. Therefore, Petitioner is not entitled to a COA.

Also before the Court is Petitioner's Motion to Proceed *In Forma Pauperis*. Federal Rule of Appellate Procedure 24(a)(1) provides that a party to a district-court action who desires to appeal *in forma pauperis* must file a motion in the district court. An appeal may not be taken *in forma pauperis* if the court determines that it is not taken in good faith. 28 U.S.C. § 1915(a)(3). "[T]he standard governing the issuance of a certificate of appealability is more demanding than the standard for determining whether an appeal is in good faith." U.S. v. Cahill-Masching, 2002 WL 15701, * 3 (N.D. Ill. Jan. 4, 2002). "[T]o determine that an appeal is in good faith, a court need only find that a reasonable person could suppose that the appeal has some merit." Walker v. O'Brien, 216 F.3d 626, 631 (7th Cir. 2000). The Court concludes that a reasonable person would not suppose that the appeal has some merit. The Court, therefore, **DENIES** the Motion to Proceed *In Forma Pauperis* On Appeal.

Accordingly, **IT IS ORDERED** that Petitioner's Motion for Certificate of Appealability is **DENIED**.

**IT IS FURTHERED ORDERED** that Petitioner's Motion to Proceed *In Forma Pauperis* is **DENIED.**

**Dated: May 31, 2007**

                                             **S/George Caram Steeh**
                                             **GEORGE CARAM STEEH**
                                             **UNITED STATES DISTRICT JUDGE**

**CERTIFICATE OF SERVICE**

**Copies of this Order were served upon attorneys of record on May 31, 2007, by electronic and/or ordinary mail.**

**S/Josephine Chaffee**
**Deputy Clerk**