**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

JOEL MARCEL CARTER,

              Petitioner,                          Case Number: 06-CV-11927

v.                                                        HON. GEORGE CARAM STEEH

WILLIE SMITH,

              Respondent.
_____/

**ORDER DENYING PETITIONER'S MOTION FOR CERTIFICATE
OF APPEALABILITY AND MOTION TO PROCEED *IN FORMA PAUPERIS***

Petitioner Joel Marcel Carter filed a *pro se* petition for a writ of habeas corpus. On January 31, 2007, the Court issued an Opinion and Order Denying Petition for Writ of Habeas Corpus. Petitioner filed a Motion for Certificate of Appealability, which the Court denied. The Sixth Circuit Court of Appeals dismissed Petitioner's appeal because it was not timely filed. Carter v. Smith, No. 07-1348 (6th Cir. June 1 2007). Petitioner then filed a "Rule 60(b)(4) Motion for Relief from Judgment or Order Pursuant to Red. R. Civ. P. 60(b)," which the Court denied. Petitioner has now filed a Notice of Appeal, appealing the Court's "Order Denying Petitioner's 'Rule 60(b)(4) Motion for Relief from Judgment or Order Pursuant to Red. R. Civ. P. 60(b).'" Also before the Court is Petitioner's Motion to Proceed *In Forma Pauperis*.

Before Petitioner may appeal the Court's decision denying his motion, a certificate of appealability must issue. 28 U.S.C. § 2253(c)(1)(B); Fed. R. App. P. 22(b). The Court must either issue a certificate of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R. App. P.

22(b); In re Certificates of Appealability, 106 F.3d 1306, 1307 (6th Cir. 1997).

The Second Circuit Court of Appeals has articulated the standard for issuing a certificate of appealability in the context of the denial of a Rule 60(b) motion as follows:

> [A] COA should issue only if the petitioner shows that (1) jurists of reason would find it debatable whether the district court abused its discretion in denying the Rule 60(b) motion, and (2) jurists of reason would find it debatable whether the underlying habeas petition, in light of the grounds alleged to support the 60(b) motion, states a valid claim of the denial of a constitutional right.

Kellogg v. Strack, 269 F.3d 100, 104 (2d Cir. 2001).

The Court finds that jurists of reason would not find that the Court abused its discretion in denying Petitioner's Motion for Relief from Judgment or that the underlying habeas petition states a valid claim of the denial of a constitutional right. Therefore, Petitioner has failed to show that he is entitled to a certificate of appealability.

Also before the Court is Petitioner's Motion to Proceed *In Forma Pauperis*. Federal Rule of Appellate Procedure 24(a)(1) provides that a party to a district-court action who desires to appeal *in forma pauperis* must file a motion in the district court. An appeal may not be taken *in forma pauperis* if the court determines that it is not taken in good faith. 28 U.S.C. § 1915(a)(3). "[T]he standard governing the issuance of a certificate of appealability is more demanding than the standard for determining whether an appeal is in good faith." U.S. v. Cahill-Masching, 2002 WL 15701, * 3 (N.D. Ill. Jan. 4, 2002). "[T]o determine that an appeal is in good faith, a court need only find that a reasonable person could suppose that the appeal has some merit." Walker v. O'Brien, 216 F.3d 626, 631 (7th Cir. 2000). The Court concludes that a reasonable person would not suppose that the appeal has some merit. The Court, therefore, shall deny the Motion to Proceed *In Forma Pauperis*.

Accordingly, for the foregoing reasons, **IT IS ORDERED** that Petitioner's Motion for Certificate of Appealability is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner's Motion to Proceed *In Forma Pauperis* is **DENIED**.

Dated: December 3, 2007

S/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on December 3, 2007, by electronic and/or ordinary mail.

S/Josephine Chaffee
Deputy Clerk

---